UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WESLEY M. JARMON, Jr., )<br>  )<br>　Plaintiff, )<br>  )<br>v. )<br>  )<br>KEVIN J. MARTIN, Chairman, )<br>Federal Communications Commission, )<br>  )<br>　Defendant. ) | Civil Action No. 06-1852 (EGS)<br>ECF |

## ANSWER TO AMENDED COMPLAINT

### Affirmative Defenses

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Answer

Without waiving any defenses and/or objections, and in response to the numbered paragraphs in plaintiff's Amended Complaint, defendant responds as follows:

### JURISDICTION AND VENUE

1.   This paragraph contains conclusions of law to which no response is required.

2.   Defendant admits the allegations contained in the first sentence of this paragraph. The remainder of this paragraph contains conclusions of law to which no response is required.

3.   Defendant admits the allegations contained in this paragraph and avers that it is headquartered in Washington, D.C.

1

## PARTIES

4. Defendant admits the allegations contained in the first sentence of this paragraph upon information and belief. Defendant admits the allegations contained in the second sentence of this paragraph.

5. Defendant admits the allegations contained in this paragraph.

## FACTS COMMON TO ALL COUNTS

6. Defendant admits the allegations contained in this paragraph.

7. Defendant admits that vacancy announcement no. (VAN) 04-153-TJ was advertised from April 2, 2004 through April 15, 2004 and sought to fill two GS-15 Auditor positions in the FCC's Investigations and Hearings Division (IHD); and that plaintiff applied for VAN 04-153-TJ.

8. Defendant admits that during the time period that VAN 04-153-TJ was advertised, plaintiff's first-level supervisor was Hugh Boyle, Chief, Audits Branch, IHD, and plaintiff's second-level supervisor was William Davenport, Chief, IHD.

9. Defendant admits that plaintiff was among the five candidates who received the highest scores from the rating panel for VAN 04-153-TJ; that these five candidates were referred on the Merit Promotion Certificate to the selecting official for consideration; and that plaintiff was not selected to fill VAN 04-153-TJ.

10. Defendant denies the allegations contained in this paragraph. IHD managers requested and received authority to fill an additional GS-15 slot, and three Caucasian individuals were subsequently selected to fill VAN 04-153-TJ.

11. Defendant denies the allegations contained in this paragraph, but admits that plaintiff was qualified for VAN 04-153-TJ.

12. Defendant is unable to respond to the allegations contained in the first sentence of this paragraph because plaintiff's use of the word "supervised" is vague and unclear. Defendant admits that during the three-year time period prior to plaintiff's application for VAN 04-153-TJ (April 2001 through April 2004), plaintiff worked on certain USF audits, but was not employed in a supervisory or managerial position. Defendant denies the allegations contained in the second, third, and fourth sentences. Defendant is unable to respond to the allegations contained in the fifth sentence of this paragraph, because plaintiff's use of the phrase "upon which legal staff referred, to determine compliance issues" is vague and unclear, but admits that plaintiff did draft audit reports.

13. Defendant lacks information sufficient to form a belief with respect to the allegations contained in this paragraph.

14. With respect to the allegations contained in the first sentence of this paragraph, defendant admits upon information and belief that plaintiff requested to be detailed, and was detailed to the EPA, during parts of 2000 and 2001, but lacks sufficient information to form a belief regarding the allegation that plaintiff's "FEI training led to" that detail. With respect to the allegations contained in the second sentence, defendant lacks sufficient information to form a belief regarding plaintiff's work activities during the EPA detail. Defendant denies the allegations contained in the third sentence, but admits that plaintiff's official personnel folder reflects that he was detailed to the FCC's Financial Statements and Policy Group, Office of Managing Director, from June 3, 2001

to October 1, 2001 (and not that he was a Senior Accountant for the Chief Financial Officer).

15. Defendant denies the allegations contained in this paragraph, but admits that plaintiff filed a formal EEO complaint with the FCC on March 23, 2005; that complaint speaks for itself.

16. Defendant admits that on July 14, 2006, EEOC Administrative Judge Gladys O. Collazo issued an Order Entering Judgment and a Decision granting summary judgment in favor of the FCC; that Order and Decision speak for themselves.

17. Defendant admits that the FCC issued a Final Order on August 4, 2006; that Final Order speaks for itself.

18. Defendant admits that plaintiff filed formal EEO complaints with the FCC on January 27, 2000 and October 23, 2003; those complaints speak for themselves. Defendant denies that it has subjected plaintiff to "systemic discrimination."

19. Defendant denies the allegations contained in this paragraph.

## COUNT I
### Racial Discrimination in Promotion Practices

20. Defendant adopts and incorporates by reference its responses to the allegations contained in paragraphs 1 through 19 above.

21. Defendant admits the allegations contained in this paragraph.

22. Defendant admits that plaintiff was among the five candidates who received the highest scores from the rating panel for VAN 04-153-TJ; and that these five candidates were referred on the Merit Promotion Certificate to the selecting official for consideration.

23. Defendant denies the allegations contained in this paragraph.

4

24.     Defendant denies the allegations contained in the first sentence of this paragraph. The remainder of this paragraph contains plaintiff's prayer for relief to which no response is required. To the extent a response is deemed necessary, defendant denies that plaintiff is entitled to the relief requested or to any relief whatsoever.

## COUNT II
### Disparate Treatment in Compensation

25.     Defendant adopts and incorporates by reference its responses to the allegations contained in paragraphs 1 through 24 above.

26.     Defendant denies the allegations contained in the first sentence of this paragraph. Defendant is unable to respond to the allegations contained in the second sentence of this paragraph because plaintiff's use of the phrase "[p]laintiff's counterparts were not encouraged to perform work contrary to proper standards" is vague and unclear. Defendant denies that any auditor was encouraged to perform work that was inconsistent with "accepted auditing practices."

27.     Defendant is unable to respond to the allegations contained in this paragraph because plaintiff's use of the phrase "[p]laintiff received bonus pay at a lower rate than other auditors" is vague and unclear with respect to which auditors at the Agency he is comparing himself. Defendant denies any discriminatory practices.

28.     Defendant is unable to respond to the allegations contained in the first sentence of this paragraph because plaintiff's use of the phrase "[p]laintiff received time-off awards at a lesser amount than other auditors" is vague and unclear with respect to which auditors at the Agency he is comparing himself. Defendant denies any discriminatory practices. The remainder of this paragraph contains plaintiff's prayer for relief to which no response is required. To the extent a response is deemed necessary,

defendant denies that plaintiff is entitled to the relief requested or to any relief whatsoever.

## COUNT III
### Retaliation

29.     Defendant adopts and incorporates by reference its responses to the allegations contained in paragraphs 1 through 28 above.

30.     Defendant denies the allegations contained in the first sentence of this paragraph.  With respect to the allegations contained in the second sentence of this paragraph, defendant admits that plaintiff filed formal EEO complaints with the FCC on January 27, 2000 and October 23, 2003; those complaints speak for themselves.

31.     Defendant denies the allegations contained in this paragraph.

32.     Defendant denies the allegations contained in this paragraph.

33.     Defendant denies the allegations contained in the first sentence of this paragraph.  The remainder of this paragraph contains plaintiff's prayer for relief to which no response is required.  To the extent a response is deemed necessary, defendant denies that plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendant specifically denies each and every allegation of the Complaint to the extent that it is not specifically and expressly admitted herein, and further denies that plaintiff is entitled to the relief requested or to any relief whatsoever.  Defendant further avers that any award of compensatory damages would be subject to and limited by 42 U.S.C. § 1981a(b)(3)(D).

WHEREFORE, Defendant requests that the Complaint be dismissed with prejudice and that the Court grant such other and further relief as the Court may deem just and proper.

                                            Respectfully submitted,

                                            _____/s/_____
                                            Jeffrey A. Taylor (D.C. Bar # 498610)
                                            United States Attorney

                                            _____/s/_____
                                            Rudolph Contreras (D.C. Bar # 434122)
                                            Assistant United States Attorney

                                            _____/s/_____
                                            Mercedeh Momeni
                                            Assistant United States Attorney
                                            Civil Division
                                            555 4th Street, N.W.
                                            Washington, D.C. 20530
                                            (202) 305-4851

*OF COUNSEL*:
Michael Kresnow, Esq.
Office of the General Counsel
Federal Communications Commission
Washington, D.C. 20554

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of March, 2007, I caused the foregoing *Answer to Amended Complaint* to be served on parties of record via the Court's Electronic Case Filing System.

 /s/
MERCEDEH MOMENI
Assistant United States Attorney
555 4th Street, NW
Civil Division
Washington, DC 20530
(202) 305-4851
(202) 514-8780 (facsimile)