# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WESLEY M. JARMON, Jr.,**    ) | |
|                        ) | |
|     **Plaintiff,**           ) | |
|                        ) | |
|     **v.**                      ) | **Civil Action No. 06-1852 (EGS)** |
|                        ) | |
|                        ) | |
| **KEVIN J. MARTIN, Chairman,**    ) | |
| **Federal Communications Commission,**    ) | |
|                        ) | |
|     **Defendant.**        ) | |

## PARTIES' JOINT 16.3 REPORT

Pursuant to Local Civil Rule 16.3, counsel for the parties conferred on April 11, 2007.

As a consequence of this conference, the parties hereby report to the Court as follows:

Statement of the Case:

**PLAINTIFF'S POSITION:** Mr. Jarmon has been employed as an Auditor with the FCC for eighteen (18) years and is presently a GS-14 employee. In April 2004, per announcement #04-153-TJ, two (2) GS-15 positions became available in the FCC's Audits Branch and Plaintiff applied for them. At that time, Plaintiff's first level supervisor was Hugh Boyle ("Boyle"), Chief of the Audits Branch; his second level supervisor was William Davenport ("Davenport"), Chief of the Investigation And Hearing Division. Although Mr. Jarmon was ranked among the five (5) best-qualified applicants for this position, he was not selected.

Two (2) Caucasian employees were selected for the positions and an additional position was created for a Caucasian female employee. Jarmon met or exceeded the job qualifications

required for the GS-15 position(s) and his performance was superior to the Caucasian employees

selected for the above-referenced position(s).  Among other things, Plaintiff supervised two

Plaintiff was the only applicant for the GS-15 position who attended the Federal

Executive Institute ("FEI") in Charlottesville, Virginia and completed supervisory and leadership

training criteria for a new class of Chief Financial Officers.  Jarmon's FEI training led to a detail

assignment at the Environmental Protection Agency's ("EPA") CFO's office in 2000 and 2001.

While at the EPA, Jarmon supervised a team of thirty (30) accountants and staff and helped the

EPA obtain an unprecedented unqualified clean opinion on its financial statements.  In 2001 and

2002, Plaintiff worked at the FCC in a detail assignment position as a Senior Accountant for the

Chief Financial Officer.

On January 14, 2005, Plaintiff filed a formal complaint with the EEOC contending that

Hugh Boyle and William Davenport discriminated against him by failing to promote him to the

GS-15 position in the Audits Branch.  On August 4, 2006, the FCC issued a Final Order, which

determined that Plaintiff did not establish that he was discriminated against on the basis of race

or retaliation.  Plaintiff had filed similar grievances in January 27, 2000 and October 23, 2003

regarding the systemic discrimination that he encountered during his 18-year tenure at the FCC.

Upon information and belief, Plaintiff's supervisors were aware of either one or both of

Plaintiff's prior complaints.

**DEFENDANT'S POSITION:**  Defendant believes that Plaintiff will be unable to

establish a *prima facie* case of discrimination or retaliation.

With regard to the matters to be included in the parties' 16.3 report, the parties state as

follows:

1.    <u>Dispositive Motions</u>:  There are no pending dispositive motions.  However,

Defendant believes the case should be decided by motion for summary judgment at the conclusion of discovery.

2. <u>Joinder/Amendment/Narrowing</u>: The parties do not anticipate the necessity to join third parties or to amend the pleadings further.  Neither party believes that the legal or factual issues can be narrowed at this time.

3. <u>Assignment To Magistrate Judge</u>:  Plaintiff believes the case should be referred to a magistrate judge for purposes of mediation and discovery.  Defendant does not consent to assignment of this case to a magistrate judge for all purposes.

4. <u>Settlement Possibility</u>: Plaintiff believes there is always a possibility of settlements. While Defendant believes there may be some possibility of settling the case after discovery, Defendant believes there is little possibility of settling the case at this point.  Defendant will inform the court if the possibility of settlement becomes realistic in the future.

5. <u>Alternative Dispute Procedures</u>:  At this time, the parties do not believe that the case could benefit from the Court's ADR process.

6. <u>Dispositive Motions</u>: The parties believe the case should be decided after discovery upon motion for summary judgment.

The parties propose the following schedule:

**Dispositive Motions:**  60 days after the close of discovery

**Oppositions**: 45 days after service of dispositive motion

**Replies**: 21 days after service of opposition

7. <u>Initial Disclosures</u>: The parties propose that the initial disclosures authorized under F.R. Civ. P. 26(a)(1) be served within 30 days of the Initial Scheduling Conference.

8. <u>Discovery</u>:  The parties agree that fact discovery should be completed by October 12, 2007.  The parties anticipate standard discovery, <u>i.e.</u>, Interrogatories, Requests for Production of Documents, Requests for Admissions, and depositions.  The parties agree to follow the Federal Rules of Civil Procedure in regards to the limits on discovery.

9. <u>Experts</u>:  The parties propose that Plaintiff's expert(s) be designated no later than 60 days after the commencement of discovery, and that defendant's experts be designated no later than 30 days thereafter.  The parties further propose that Plaintiff's expert disclosures be served at least 60 days prior to close of discovery.  The parties propose that Defendant's expert disclosures should be served within 30 days after service of Plaintiff's expert disclosures.  The parties agree that the expert disclosures shall, in accordance with Federal Rule of Civil Procedure 26(a)(2), include a written expert witness report.

10. <u>Class Action Procedures</u>:  Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>:  The parties do not see any need for bifurcation.

12. <u>Proposed Date For Pretrial Conference</u>:   The parties propose that the pretrial date be set within 60 days after the Court rules on dispositive motions.

13. <u>Trial Date</u>:    Should a trial be necessary in this case, the parties propose setting the trial date at the pretrial conference.

14.  Other Matters:  None.

A proposed order is submitted herewith.

Dated: April 18, 2007                    Respectfully submitted,


_____/s/ by RMM_____
Donald M. Temple, Esq.
1229 15th Street, N.W.
Washington, DC 20005
202-628-1101
202-628-1149 fax
Templepc@aol.com

*Counsel for Plaintiff*


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____/s/_____
ROBIN M. MERIWEATHER, D.C. Bar # 490114
Assistant United States Attorney
United States Attorney's Office
555 4th St., N.W.
Washington, D.C. 20530
Phone: (202) 514-7198
Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

*Counsel for Defendant*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WESLEY M. JARMON, Jr.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 06-1852 (EGS)** |
| ) | |
| ) | |
| **KEVIN J. MARTIN, Chairman,** ) | |
| **Federal Communications Commission,** ) | |
| ) | |
| **Defendant.** ) | |

## SCHEDULING ORDER

UPON CONSIDERATION of the parties' Joint Meet and Confer Statement, filed

pursuant to Local Rule 16.3, the following deadlines are hereby set in this case:

- The parties shall make initial disclosures, pursuant to Rule 26(a)(1), within thirty

  days of the date of this Order.

- The parties shall complete discovery by October 12, 2007.

- Motions for summary judgment shall be filed no later than 60 days after the close

  of discovery.

- Oppositions to motions for summary judgment shall be filed within 45 days after

  service of the motions.

- Replies regarding motions for summary judgment shall be filed within 21 days of

  service of the oppositions.

So ordered, this _____ day of _____, 2007.

_____

United States District Judge