UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WESLEY M. JARMON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1852 (EGS) |
| ) | |
| JULIUS GENACHOWSKI, Chairman, ) | |
| Federal Communications Commission, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S SUPPLEMENTAL STATEMENT OF
MATERIAL FACTS FOR WHICH THERE IS NO GENUINE ISSUE**

Defendant Julius Genachowski, Chairman of the Federal Communications Commission, respectfully opposes Plaintiff's "Motion to Strike Defendant's Supplement to Defendant's Statement of Material Facts for Which There is No Genuine Issue" ("Motion to Strike"). Plaintiff's Motion to Strike should be denied for the reasons set forth below.

**STANDARD OF REVIEW**

The decision to grant or deny a motion to strike is vested in the trial judge's sound discretion. *Unique Industries, Inc. v. 965207 Alberta Ltd.* --- F.Supp.2d ----, 2009 WL 2185555 at *2 (D.D.C. 2009). On its own initiative or on a party's motion, the court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter in order to avoid the time, effort and expense necessary to litigate spurious issues. *Id.*, citing Fed. R. Civ. P. 12(f); *Fantasy, Inc. v. Fogerty, Inc.,* 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds,* 510 U.S. 517 (1994).

Courts disfavor motions to strike, which are generally regarded as "time wasters." *Unique Industries* at *2, citing *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty.*

*Ltd.*, 647 F.2d 200, 201 (D.C. Cir. 1981) (additional citations omitted); *Cobell v. Norton*, 224 F.R.D. 266, 282 (D.D.C. 2004), citing 2A Moore's Federal Practice § 12.21, at 2419.  Absent a "strong reason for so doing," courts will generally "not tamper with pleadings." *Doeman v. Howard University*, 2006 WL 398917 at *2 (D.D.C. Feb. 16, 2006) (citations omitted).  In considering a motion to strike, the court will draw all reasonable inferences in the pleader's favor and resolve all doubts in favor of denying the motion to strike.  *Unique Industries* at *2 (citations omitted).   The burden thus lies with the movant.  *Id.*

## ARGUMENT

Plaintiff's Motion to Strike should be denied because it is procedurally defective.  Under the Federal Rules, motions to strike are limited to "pleadings."  *See* Fed R. Civ. P. 12(f); *Hamilton v. Paulson*, 2008 WL 4531781 at *1 n.1 (D.D.C. Oct. 10, 2008); *Baloch v. Norton*, 517 F. Supp. 2d 345, 349 (D.D.C. 2007).  A "pleading" includes a complaint, answer, reply to a counterclaim, answer to a cross-claim, third-party complaint, or third-party answer.  *See* Fed R. Civ. P. 7(a); *but see Cobell v. Norton*, 224 F.R.D. 1 (D.D.C. 2004) ("It is settled in this jurisdiction that the term "pleading" for the purposes of Rule 12(f) includes affidavits and declarations filed in support of technical pleadings because Rule 12(f) is the only viable method for attacking materiality and pertinence defects in such documents.").  Plaintiff here moves to strike Defendant's Supplemental Statement of Material Facts for Which There Is No Genuine Issue ("Defendant's Supplemental SOMF"), which is part of "Defendant's Reply to Plaintiff's Statement of Material Facts in Dispute; Response to Plaintiff's Counterstatement of Additional Facts; and Supplemental Statement of Material Facts for Which There Is No Genuine Issue" filed with Defendant's Reply Brief (Docket Entry 40).   Defendant's Supplemental SOMF does not

2

constitute a "pleading" that may be stricken by application of a party under the Federal Rules; therefore, Plaintiff's motion should be denied on this basis alone.

On the merits, Plaintiff fails to articulate any cognizable basis to strike Defendant's Supplemental SOMF.  Plaintiff contends that the Supplemental SOMF should be stricken because Local Rule 7(h) "does not permit supplemental statements of material facts…simply because Defendant believed a claim was not aggressively pursued in litigation," and that Defendant was required to seek leave to file its Supplemental SOMF.  *See* Motion to Strike at 2.  Plaintiff provides no authority to support this assertion, and none exists.  In fact, although Local Rule 7(h) does not affirmatively grant a party the right to file a supplemental statement of undisputed facts, the rule "contains no prohibition against such a filing…[and] makes no reference at all to what is or is not permitted to be filed as part of a reply in support of a motion for summary judgment."  *McFadden v. Ballard, Spahr, Andrews & Ingersoll, LLP*, 2008 WL 2569418 at *1 (D.D.C. June 24, 2008).  District courts in this Circuit have denied motions to strike under similar circumstances for these very reasons, and the same result should hold true here.  *See, e.g.*, *id*. (denying plaintiff's motion to strike "a second statement of undisputed facts" because defendant's filing did not violate Local Rule 7(h)).

Defendant's Supplemental SOMF is fully consistent with the purpose of Local Rule 7(h), which is to "plac[e] the burden on the parties and their counsel, who are most familiar with the litigation and the record, to crystallize for the district court the material facts and relevant portions of the record," thereby assisting "the Court in quickly determining if any facts are actually in dispute."  *Holt v. American City Diner, Inc*., 2007 WL 1438489 at *1 (D.D.C. 2007), citing *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner,* 101 F.3d 145, 153 (D.C. Cir. 1996).  Specifically, Defendant's Supplemental SOMF supplements Defendant's Statement

3

of Material Facts For Which There Is No Genuine Issue; contains two facts (nos. 26-27) pertaining to the number and amount of awards that the IHD Auditors received; and cites to Plaintiff's Exhibit 14.  The basis for Plaintiff's objection to Defendant's Supplemental SOMF is unclear.  Plaintiff does not contend that the facts identified in Defendant's Supplemental SOMF are disputed or are not material.  Nor does Plaintiff identify any prejudice that he would suffer from inclusion of this information, which is taken from Plaintiff's own exhibit.  Defendant's Supplemental SOMF therefore serves only to pinpoint for the Court where in the record to locate those facts that are undisputed.

Even if the Court disagrees with Defendant's interpretation of Local Rule 7(h), Plaintiff's proposed remedy – striking Defendant's Supplemental SOMF – incorrectly elevates form over substance.  Striking Defendant's Supplemental SOMF would be inconsistent with Local Rule 7(h)'s design to make the Court's job easier and more efficient.

Plaintiff alternatively "requests leave to file a response." *See* Motion to Strike at 2.  The decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the court.  *See Baloch* at 349 (citations omitted).  Defendant believes that a sur-reply is unwarranted given that Defendant addressed in its Motion for Summary Judgment (at 28) Plaintiff's claim regarding the number and amount of awards that auditors received, and Plaintiff had the opportunity to respond in his opposition.  Moreover, as stated, Plaintiff does not dispute the accuracy of the bonus and award information set forth in Plaintiff's Ex. 14.  Therefore, the Court has before it all information necessary to rule on Defendant's Motion for Summary Judgment.  If Plaintiff is afforded the opportunity to respond to Defendant's Supplemental SOMF, however, Plaintiff's response should be limited only to addressing supplemental fact nos. 26-27.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion to Strike should be denied.

Dated: August 7, 2009                     Respectfully submitted,


___/s/_____
CHANNING D. PHILLIPS, D.C. BAR # 415793
Acting United States Attorney

___/s/_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

___/s/_____
ROBIN M. MERIWEATHER, D.C. Bar # 490114
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 514-7198 (voice)   (202) 514-8780 (facsimile)

OF COUNSEL:

Michael Krasnow
Federal Communications Commission
Office of the General Counsel
445 12th Street, S.W.
Washington, D.C.  20554
202-418-1740